UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 16 CR 109 |
| v. | ) | |
| | ) | Honorable Robert M. Dow, Jr. |
| RALPH GARCIA | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* PROHIBITING TESTIMONY IN DEFENDANT RALPH GARCIA'S CASE-IN-CHIEF**

The United States of America by its attorney, John R. Lausch Jr., United States Attorney for the Northern District of Illinois, respectfully submits its request for an order prohibiting defendant Ralph Garcia from calling a confidential source as a witness at trial. In support whereof, the government states as follows:

Introduction and Background

On or about March 24, 2016, a grand jury returned an indictment charging Ralph Garcia with distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) (Counts One, Two, and Four), and being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1) (Count Three). (R.15). The Court ordered the defendant detained pending trial. (R.7). On or about November 30, 2017, a grand jury returned a superseding indictment charging additional counts related to the distribution of methamphetamine (R.49). The parties and the Court have agreed to proceed by way of bench trial. (R.55 & 58).

The charges in the superseding indictment arose from several controlled purchases of narcotics and firearms from the defendant by a confidential source who,

unbeknownst to the defendant, was working with law enforcement at the time of the transactions. The transactions were audio and video recorded, and these recordings have been disclosed to the defendant in discovery. The government intends to introduce these recordings at trial through a federal agent involved in each transaction, specifically, an agent who was present for when the audio-video recording devices were activated and deactivated before and after each transaction.[1]

In a status hearing before the Court, the government made known to the Court that it did not intend to call the confidential source as a witness at trial, and that, in the event the defendant intended to call the confidential source as a witness, the government intended to file a motion prohibiting the same. The Court indicated that given that the parties agreed to proceed by bench trial and in the interests of judicial efficiency, it would allow the defendant to call the confidential source as a witness at trial and that the Court would consider the government's motion excluding the confidential source's testimony in post-trial briefing. Recently, the government requested (and the Court granted) leave of court to file a motion related to the confidential source's testimony and for a pretrial ruling related thereto. For the

---

[1] Numerous cases recognize that the foundation for recordings may be provided circumstantially through evidence that the events discussed on the tapes in fact occurred and that the purported speakers on the recordings in fact participated in those events. *See e.g., United States v. Restrepo*, 814 F.2d 1236, 1239 (7th Cir. 1987) (circumstantial evidence may be used to authenticate recordings); *United States v. Emerson*, 501 F.3d 804, 814-15 (7th Cir. 2007) (affirming admission of recorded conversation through law enforcement testimony where law enforcement officers testified as to the accuracy of the recording but did not listen to the recorded conversation in real-time); *United States v. Tolliver*, 454 F.3d 660, 668 n.4 (7th Cir. 2006) (agent testified he supervised the recordings and each tape was a true and accurate recording of each conversation, and "[a]s such, the government adequately authenticated each tape.").

reasons stated below, the government contends that defendant Garcia has not clearly delineated the reasons for calling the confidential source, which the law requires he must do, specifically articulating the good faith, non-impeachable basis for calling this witness at trial. The government contends no such basis exists here.

Law and Analysis

It is beyond dispute that no party (*including a defendant in a criminal case*) may call a witness simply to impeach him or her, or lodge accusations against the witness without a good faith basis that the witness's testimony will *assist* the calling party. *See United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001); *United States v. Finley*, 708 F.Supp. 906, 909 (N.D. Ill. 1989) ("[A] party may not call a witness for the sole purpose of impeaching him.") (citing *United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984)). The Supreme Court has acknowledged the discretion of the trial court to preclude or limit cross-examination. Indeed, the Supreme Court has spoken plainly on this principle: "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Illinois v. Taylor*, 484 U.S. 400, 410 (1988).[2]

---

[2] *See also Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986):

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

It is improper to call a witness for the purpose of discrediting him by way of accusations and extrinsic evidence. *See United States v. Kielar*, 791 F.3d 733, 744-45 (7th Cir. 2015). While the defendant in *Kielar* was plain spoken about his intent in calling a witness to impeach his credibility, the Seventh Circuit has repeatedly warned against allowing a party to call a witness it knows will not give useful evidence, just so the party may then introduce otherwise inadmissible impeachment evidence. *See United States v. Taylor*, 522 F.3d 731, 736 (7th Cir. 2008) ("You are not permitted to cross-examine a witness about a particular topic without a good-faith belief that the answers will be helpful to your case, as distinct from hoping that the question alone will insinuate a helpful answer."); *accord United States v. Medley*, 913 F.2d 1248, 1257 (7th Cir. 1990) (prohibiting calling a witness to impeach where it is a "subterfuge to get before the jury evidence otherwise not admissible"). Calling a witness for an ostensible valid purpose, for example, to support a defense, does not open a gateway to launching an otherwise inadmissible accusatory and degrading attack on the witness.

In *Giles*, for example, the Seventh Circuit noted that the "true defense reason … for wanting to put [the witness] on the stand was to expose his warts to the jury and float the inference that the FBI should not play footsie with a sleazeball," referring to a cooperating person who the government did not call in its case-in-chief. 246 F.3d at 974. Here, the confidential source was a gang member, had a history of drug dealing, and was cooperating with law enforcement in hopes of receiving consideration on potential drug offenses. *See* R.2, Criminal Complaint, at ¶7.

Defendant Garcia, however, may not call the confidential source simply to float these allegations before the Court with no reason to believe that the source will provide any other testimony helpful to his case-in-chief.[3] Lastly, what is deemed helpful by a defendant does not equate to admissibility, but rather, all evidence is governed by the Federal Rules of Evidence, including (but not limited to) Rule 403, Rules 404(a) and (b), and Rule 608(b).

In addition to the above well-settled law, the instant case is further complicated by the fact that the purported witness is not an ordinary citizen, but a confidential informant, for whom the law provides additional protections. The government has "a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Wilburn*, 581 F.3d 618, 622-23 (7th Cir. 2009) (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)). The privilege belongs to the government, supporting the interests of effective law enforcement and allowing the government to withhold the identities of persons furnishing information to it. *Roviaro*, 353 U.S. at 62 (1957). "The underlying concern of this doctrine is the common sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993) ("The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to

---

[3] The government acknowledges and appreciates that such testimony attacking the credibility of a witness carries less chance of prejudice in a bench trial than in a jury trial. The law, however, applies the same in both instances.

5

law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.") (citing *Roviaro*, 353 U.S. at 59). The privilege exists as a matter of right, and the government need not make any threshold showing in order to seek its protection. *Herrero*, 893 F.2d at 1525; *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996).

The privilege, however, is not absolute and a defendant may overcome the informer's privilege where, for example and similar to the law related to calling a witness for the purposes of impeachment, the testimony "may be *relevant* and *helpful* to the accused's defense." *Roviaro*, 353 U.S. at 64-65 (emphases added). A defendant must articulate a good faith basis for calling an informant to the witness stand. *United States v. Davis*, 673 F.Supp. 252, 259 n.13 (N.D. Ill. 1987). The Seventh Circuit has held that a defendant must "establish a genuine need for disclosure before disclosure should be ordered." *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985); *United States v. Tucker*, 552 F.2d 202, 209 (7th Cir. 1977). Defendant bears the burden to show that the information outweighs the public's interest in the protection of the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) (providing that a defendant bears the burden to overcome the confidential informant privilege "in the face of an assumption that the privilege should apply").

The informant's privilege further solidifies the government's position here insofar as it establishes that a defendant must articulate a good faith basis that the informant will provide "relevant and helpful" testimony to his defense and does not have *carte blanche* to call any witness he wants. In this way, and in addition to the

hurdles that a defendant must overcome in relation to calling a witness and establishing a good faith basis that the witness will provide testimony helpful to the defendant's case, *Roviaro* and its progeny provides additional and special protections against a defendant who seeks to call a confidential informant at trial.

Lastly, based on conversations with defense counsel, the government anticipates that defendant Garcia may argue that the confidential informant's testimony is relevant to establishing a defense of entrapment at trial.[4] As the Seventh Circuit explained recently, entrapment is generally a jury question (or more appropriate here, a question for the fact-finder), and "the defendant is entitled to present the defense at trial if he shows that some evidence supports it." *United States v. Mayfield*, 771 F.3d 417, 443 (7th Cir. 2014) (*en banc*). The Court also observed that entrapment is typically litigated before trial (but need not be in all cases) and, in particular, the inducement inquiry may be appropriate for pretrial resolution: "if the evidence shows that the government did nothing more than solicit the crime on standard terms, then the entrapment defense will unavailable as a matter of law." *Id.* at 441.

Conclusion

As the Seventh Circuit has noted, "[t]here is no categorical rule that the government must produce its confidential informant to testify against a defendant." *United States v. Gaytan*, 649 F.3d 573, 581 (7th Cir. 2011). The government's decision

---

[4] Entrapment has two elements: government inducement of the crime and a lack of disposition on the part of the defendant. *United States v. Pillado*, 656 F.3d 754, 763 (7th Cir. 2011).

7

not to call a confidential informant at trial does not bestow an unencumbered right upon the defendant to do so. Rather, a defendant must comply with the settled law, namely, establishing a good faith basis that the witness will provide testimony helpful to the defendant's case, which is further complicated by the government's privilege under *Roviaro* to protect law enforcement sources. Accordingly, the government requests that defendant Garcia be required to make a pretrial proffer of what testimony he anticipates eliciting from the confidential informant, and why he expects that testimony to be relevant and helpful to his defense in his case-in-chief. *See e.g.*, *Finley*, 708 F.Supp. at 906, 910 (adopting this procedure)*; Giles*, 246 F.3d at 974 (providing that "no offer of proof was presented as to the substance of the testimony Giles believed in good faith [the witness] would give").

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:   s/*Timothy J. Storino*
      TIMOTHY J. STORINO
      WILLIAM DUNNE
      Assistant U.S. Attorneys
      219 South Dearborn, Room 500
      Chicago, IL 60604
      (312) 353-5300

Dated: June 5, 2018