**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 16-cr-109 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| RALPH GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the Government's motion [64] *in limine* prohibiting testimony of a confidential source in Defendant Ralph Garcia's case. For the reasons set forth below, the Government's motion [64] is denied. This case remains set for status hearing on December 11, 2018 at 9:00 a.m.

**I.      Background**

On or about March 24, 2016, a grand jury returned an indictment charging Ralph Garcia with distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) (Counts One, Two, and Four), and being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1) (Count Three). [See 15.] The Court ordered that Defendant be detained pending trial. [See 7.] On or about November 30, 2017, a grand jury returned a superseding indictment charging additional counts related to the distribution of methamphetamine. [See 49.] The parties and the Court have agreed to proceed by way of bench trial. [See 55; 58.]

The charges in the superseding indictment arose from several controlled purchases of narcotics and firearms from Defendant by a confidential source who, unbeknownst to Defendant,

was working with law enforcement at the time of the transactions. The transactions were audio and video recorded, and these recordings have been disclosed to Defendant in discovery. The Government intends to introduce these recordings at trial through a federal agent involved in each transaction—specifically, an agent who was present when the audio-video recording devices were activated and deactivated before and after each transaction. [See 64.]

On June 5, 2018, the Government filed a motion seeking to prohibit the testimony of the confidential source in Defendant's case. [*Id*.] In that motion, the Government recognizes that a defendant may call a confidential source when "the testimony 'may be relevant and helpful to the accused's defense.'" [*Id*. at 6 (quoting *Roviaro v. United States*, 353 U.S. 53, 64-65 (1957).] The Government argues, however, that Defendant should not be permitted to call the confidential source merely to impeach him. [*Id*. at 3-6.] The Government further argues that, to the extent Defendant wishes to call the confidential source in support of an entrapment defense, Defendant had not met the threshold burden of presenting at least "some evidence" in support of his entrapment defense. [*Id*. at 7.] The Government sought a proffer from Defendant as to "what testimony he anticipates eliciting from the confidential informant, and why he expects that testimony to be relevant and helpful to his defense in his case-in-chief." [*Id*. at 8.] Defendant made such a proffer on September 27, 2018 in the form of an affidavit setting forth facts purporting to support his entrapment defense. [See 70-1.] Although the Court gave the Government the opportunity to respond the proffer [see 69], the Government elected to stand on its prior submissions.

The Government's motion discusses the standard for calling a confidential source as a witness. As discussed above, the Government recognizes that a defendant may call a confidential source when "the testimony 'may be relevant and helpful to the accused's defense.'" [64, at 6

(quoting *Roviaro v. United States*, 353 U.S. 53, 64-65 (1957).] Because Defendant agrees that he cannot call the confidential source merely to impeach him, the issue before the Court on the Government's pending motion *in limine* [64] is whether Defendant has proffered sufficient evidence to allow Defendant to present his entrapment defense at trial.

## II.     Legal Standard

"Entrapment is a defense to criminal liability when the defendant was not predisposed to commit the charged crime before the intervention of the government's agents and the government's conduct induced him to commit it." *United States v. Mayfield*, 771 F.3d 417, 420 (7th Cir. 2014) (*en banc*). Entrapment generally is an issue for the trier of fact "and the government must prove predisposition or the lack of government inducement beyond a reasonable doubt in order to defeat it." *United States v. Blitch*, 773 F.3d 837, 844 (7th Cir. 2014), as amended on denial of reh'g and reh'g *en banc* (Jan. 27, 2015). Thus, a defendant is entitled to present the defense of entrapment to the jury if the evidence is such that a rational jury could infer that Defendant was entrapped into committing the crime. *Id.*; see also *United States v. Evans*, 924 F.2d 714, 716 (7th Cir. 1991) (citing *Mathews v. United States*, 485 U.S. 58, 63 (1988)). When the issue of entrapment is raised before trial, the court must accept the defendant's factual proffer as true. *Mayfield*, 771 F.3d at 420. To obtain a jury instruction on entrapment and shift the burden of disproving entrapment to the government, the defendant must proffer evidence on both elements of the defense: inducement and lack of predisposition. *Id.* at 440. However, this initial burden of production is "not great," and an entrapment instruction is warranted if the defendant proffers "some evidence" that the government induced him to commit the crime and he was not predisposed to commit it. *Id.* In other words, "[a]lthough more than a scintilla of evidence of entrapment is needed before instruction on the defense becomes necessary, the defendant need only point to

evidence in the record that would allow a rational jury to conclude that he was entrapped." *United States v. McGill*, 754 F.3d 452, 457 (7th Cir. 2014).[1]

The defense of entrapment requires a defendant to prove that he was (1) induced by someone working for or on behalf of the government to commit a crime that (2) he was not predisposed to commit. *Evans*, 924 F.2d at 716. In *Mayfield*, the Seventh Circuit clarified that the two elements of the entrapment defense are "conceptually related but formally and temporally distinct" and resolved "some conflicting strains in [Seventh Circuit] caselaw about the relationship between them." 771 F.3d at 420. Inducement means "more than mere government solicitation of the crime; the fact that government agents initiated contact with the defendant, suggested the crime, or furnished the ordinary opportunity to commit it is insufficient to show inducement." *Id.* at 434. Rather, "inducement means government solicitation of the crime *plus* some other government conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the government's efforts." *Id.* at 434-35. The "other conduct" used to induce may include "repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need, sympathy, or friendship, or any other conduct by government agents that creates a risk that a person who would not commit the crime if left alone will do so in response to the government's efforts." *Id.* at 435.

Turning to the second element of entrapment—a lack of predisposition—a defendant is predisposed to commit the charged crime "if he was ready and willing to do so and likely would have committed it without the government's intervention, or actively wanted to but hadn't yet found the means." *Mayfield*, 771 F.3d at 438; see also *Jacobsen v. United States*, 503 U.S. 540,

---

[1] Both the Government and Defendant appear to assume that the same standard applies regardless of whether there will be a bench trial or a jury trial.

553-54 (1992) (entrapment is "the apprehension of an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law"). Predisposition is measured at the time the government first proposed the crime. *Mayfield*, 771 F.3d at 438. Evidence of the defendant's reluctance to commit the crime is an importance consideration when evaluating predisposition. *Id.* at 437. "A prior conviction for a similar offense is relevant but not conclusive evidence of predisposition." *Id.* at 438. Finally, the two elements of entrapment are related in the sense that inducement is "evidence bearing on predisposition: the greater the inducement, the weaker the inference that in yielding to it the defendant demonstrated that he was predisposed to commit the crime in question." *United States v. Hollingsworth*, 27 F.3d 1196, 1200 (7th Cir. 1994).

This doctrine follows from the animating principles of the entrapment doctrine. See *Mayfield*, 771 F.3d at 436. The purpose of the doctrine is to prevent the police from turning a law-abiding person into a criminal. *Evans*, 924 F.2d at 717. A legitimate sting operation takes an actual criminal off the streets and thus reduces the crime rate. 771 F.3d at 436. The entrapment defense guards against government overreaching, "reflect[ing] the view that the proper use of the criminal law in a society such as ours is to prevent harmful conduct for the protection of the law abiding, rather than to purify thoughts and perfect character." *Hollingsworth*, 27 F.3d at 1230. When a government agent tempts a person to commit a crime that he would not otherwise have committed, "punishing him will not reduce the crime rate; it will merely deflect law enforcement into the sterile channel of causing criminal activity and then prosecuting the same activity." *United States v. Manzella*, 791 F.2d 1263, 1269 (7th Cir. 1986).

5

**III.    Analysis**

In applying this controlling law to the case at hand, the Court must accept as true the facts proffered in Defendant's affidavit [88].  See *Mayfield*, 771 F.3d at 420.  Drawing all reasonable inferences in Defendant's favor, the Court concludes that he has proffered enough evidence to demonstrate the existence of an entrapment issue for trial.

First, Defendant's affidavit contains sufficient evidence from which a reasonable factfinder (*i.e.*, a jury or, in this case, a judge) could conclude that the Government induced him to commit the crimes with which he is charged.  Defendant avers that the confidential source is a close family friend that Defendant has known since the mid-1980s, when Defendant became a close friend of the confidential source's now-deceased father.  [70-1, at ¶ 3.]  Defendant has known the confidential source for almost all of the confidential source's life.  [*Id.*]  When Defendant was released from prison, the confidential source helped Defendant transition to life outside of prison.  [*Id.* at ¶ 6.]  Defendant avers that the confidential source approached Defendant telling him "that he 'needed' [to] buy some drugs and a gun."  [*Id.* at ¶ 8.]  Defendant further avers that he "felt obligated" to help the confidential source because of his role in helping Defendant transition to life outside of prison and because of Defendant's relationship with the confidential source's father.  [*Id.*]  The Court recognizes that friendship alone is not enough to establish the inducement element of entrapment.  See, *e.g.*, *United States v. Young*, 78 F.3d 758, 761 (1st Cir. 1996) ("We cannot find, and [defendant] does not cite authority for, the proposition that friendship, without a plea predicated upon friendship, suffices legally as inducement[.]"); *United States v. Ybarra*, 2018 WL 4674584, at *1 (5th Cir. Sept. 26, 2018) ("[E]ven assuming a family friend working as government informant repeatedly asked [defendant] to commit the offense, neither this 'nor any other court has held that inducement-through-friendship, standing alone, is sufficient to find entrapment as a

matter of law.'" (quoting *United States v. Reyes*, 239 F.3d 722, 741 (5th Cir. 2001)); *United States v. Ford*, 918 F.2d 1343, 1349 (8th Cir. 1990) ("[Defendant's] friendship with the confidential informant is not evidence of entrapment."). Still, "Government exploitation of friendship can constitute improper inducement." *McGill*, 754 F.3d at 459 (collecting cases); see also *Sherman v. United States*, 356 U.S. 369, 371 (1958) (concluding that there was entrapment as a matter of law even though defendant was offered little more than reimbursement for his costs if he would obtain heroin because the inducement consisted of repeated requests from an informant posing as a fellow recovering addict who had fallen off the wagon); *United States v. Sorrells*, 287 U.S. 435, 441 (1932) (holding that an entrapment instruction was warranted even though defendant was promised no extravagant profit because informant's persistent appeal to military camaraderie qualified as a potentially entrapping inducement). Based on Defendant's close relationship with the confidential source and the confidential source's own statements seeking Defendant's help, Defendant has met his low-burden of presenting "some evidence" that the Government induced him to commit the crimes with which he is charged.

Furthermore, Defendant indicates that the confidential source repeatedly contacted him about obtaining illegal contraband. [70-1, at ¶¶ 9, 11.] This further supports a finding that the Government improperly induced Defendant to commit the charged crimes. See *United States v. Barta*, 776 F.3d 931, 937 (7th Cir. 2015) (the FBI's frequent emails and calls to defendant, with no response from defendant, amounted to "repeated attempts at persuasion"); *Mayfield*, 771 F.3d at 420-21, 441-42 (where informant pestered defendant "over the course of several weeks," a reasonable jury could find that "this persistent pressure amounted to harassment").

Turning to predisposition, the Court notes that Defendant has not presented substantial evidence regarding a lack of predisposition to sell drugs and firearms. Still, Defendant has

submitted "some evidence" on the issue, which is all that is necessary to present his entrapment defense to the trier of fact. "When analyzing a defendant's predisposition to commit a crime, we consider: (1) the defendant's character or reputation; (2) whether the government initially suggested the criminal activity; (3) whether the defendant engaged in the criminal activity for profit; (4) whether the defendant evidenced a reluctance to commit the offense that was overcome by government persuasion; and (5) the nature of the inducement or persuasion by the government. No individual factor controls the issue of predisposition, but the most important factor is whether the defendant was reluctant to commit the offense." *United States v. Stallworth*, 656 F.3d 721, 725-26 (7th Cir. 2011) (quoting *United States v. Hall*, 608 F.3d 340, 343 (7th Cir. 2010)).

Here, Defendant avers that he knew had to stay out of trouble after getting out of prison. [70-1, at ¶ 5.] Defendant believed that if he returned to prison, he would die there. [*Id*. at ¶ 7.] Defendant further avers that it was the confidential source—not the Defendant—who initiated the unlawful conduct. [*Id*. at ¶ 8.] Defendant was not "looking to do anything like" the crimes with which he is charged. [*Id*.] Defendant avers that he would not have engaged in the unlawful conduct charged but for the initiation of contact and persistence of the confidential source. [*Id*. at ¶ 11.] Furthermore, the Court notes that although Defendant does not proffer much evidence of rehabilitation, his affidavit indicates that he found honest work and was trying to stay out of trouble. [*Id*. at ¶¶ 5, 11.] Such evidence weighs against a finding of predisposition to commit a crime. *United States v. Thompson*, 2017 WL 2536589, at *5 (N.D. Ill. June 12, 2017).

Finally, although Defendant does have prior convictions, the convictions identified by the Government took place more than two decades before the conduct alleged in the superseding indictment against Defendant. Thus, "these prior convictions are not conclusive evidence of predisposition." *Thompson*, 2017 WL 2536589, at *5 (citing *Mayfield*, 771 F.3d at 437); see also

*Sherman*, 356 U.S. at 375 (concluding that a nine-year-old conviction for the sale of narcotics and a five-year-old conviction for possession of narcotics were insufficient to prove that petitioner had a readiness to sell narcotics at the time government informant approached him).

Although the Court is allowing Defendant to present his entrapment defense at trial, the Court expresses no opinion on whether Defendant ultimately will be successful with an entrapment defense. At trial, the Court must determine what inferences can be drawn from all of the evidence on the entrapment issue and make any credibility determinations necessary to reach a determination on the ultimate merits of Defendant's entrapment defense.

**IV.     Conclusion**

For the foregoing reasons, the Court denies the Government's motion [64] *in limine* prohibiting testimony in Defendant's case. This case remains set for status hearing on December 11, 2018 at 9:00 a.m.

Date: November 26, 2018

_____
Robert M. Dow, Jr.
United States District Judge