**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*,<br><br>RALPH GARCIA | No.    16 CR 109<br>Judge Robert M. Dow |

### MOTION FOR IMMEDIATE DISCLOSURE OF IMPEACHING EVIDENCE

Defendant Ralph Garcia, by her attorney John C. Legutki, respectfully moves this Court and moves this Court, pursuant to Federal Rules of Criminal Procedure and the principles enunciated in *Giglio v. United States*, 427 U.S. 97 (1976) and *United States v. Bagley*, 473 U.S. 667 (1985) moves the Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, which bears in any fashion upon the credibility of a government witness, agent, cooperating individual, confidential informant, or co-defendant, or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence at trial.

Defense counsel has received from the government certain information and documents pursuant to Local Rule 2.04.  Counsel has no reason to believe that the government has failed to comply fully with this requirement.  Indeed, the government produced such materials in its February 21, 2019 letter.   However, the instant motion is nonetheless required in order to preserve on the record any issues under the foregoing authorities, as the protections afforded thereunder are contingent upon a defense request. See *Bagley*, 437 U.S. at 671 (failure to disclose evidence after specific request more likely to be holed "material" since defense counsel may have detrimentally

1

relied upon evidence not being in existence).

For the same reason, defense counsel specifically requests such impeaching evidence with respect to any government witness/informant. During the pendency of the charged time-period, individuals were working as government informants and potential government witnesses.

It is the good faith belief of the Defendant that any informants are essential witnesses in the government's case-in-chief and such informants or witness may have sustained during his lifetime criminal convictions. The Defendant urges that any informant or witnesses credibility will be very much in issue at trial and that impeachment of that credibility is entirely proper. Discovery of such impeachment in the actual or constructive possession of the government is likewise entirely proper.

The information requested includes, but is not limited to, the following:

1. Any documentary evidence or information which contradicts or is inconsistent with the expected testimony of any witness for the government.

2. Any prior statements of a witness for the government which are inconsistent with his or her expected trial testimony.

3. Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony, whether bargained for or not. This includes any plea agreement entered into between the government and the witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury or other proceeding or is furnishing data or information to the government.

4. An accounting of any money paid to any witness by the government including, but not limited to, rewards, subsistence payments, expenses or payments made for specific information

supplied to the government, as well as any record of payment of local, state, or federal funds made to such persons.

5. Any assistance provided by any attorney or agent of the government to a witness for any reason, including assistance with the witness' customers, a licensing agency, law enforcement or parole agency, or any other agency of federal, state or local government.

6. The criminal identification and history sheet of each government witness.

7. Any criminal charges pending against any government witness which have not been disposed of either by conviction or acquittal.

8. Any criminal activity in which a government witness has engaged which has not resulted in prosecution or conviction.

9. Any evidence that any prospective government witness is biased or prejudiced against any defendant or has any motive to falsify or distort his/her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1998).

10. The foregoing request pertains, but is not limited to, any informant but to any other government witness, including any defendant who decides to enter a change-of-plea and cooperate with the instant prosecution. With respect to the above-referenced individuals a well as nay other cooperating individuals or informants, Defendant further requests criminal records, *United Stated v. Auten*, 632 F.2d 478 (5th Cir. 1980); *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977); all promises of consideration given to the witness, *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977); identification of the informant's prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th 1975); evidence of psychiatric treatment, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Partin*, 493 F.2d 750 762-64

3

(5th Cir. 1974); and evidence of the informant's narcotic habit, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972).

The inherent unreliability of the testimony of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility. See, *United States v. Caldwell*, 446 F .2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires" a new trial if undisclosed evidence was "material" such that disclosure would, within "reasonable probability," affect the result of the proceeding. *United States v. Bagley*, 473 U.S. 667 (1985).

WHEREFORE, for the above-noted reasons, defendant Ralph Garcia respectfully prays this Court grant the instant motion.

Respectfully Submitted,

John C. Legutki
Attorney for Ralph Garcia

John C. Legutki
53 West Jackson Boulevard, Suite 920
Chicago, Illinois  60604

Phone:  312 939-8747
Fax:  312 939-0054

jlegutki@outlook.com