```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

UNITED STATES OF AMERICA,          )  Docket No. 16 CR 109
                                   )
              Plaintiff,           )  Chicago, Illinois
                                   )  March 6, 2019
        v.                         )  1:34 P.M.
                                   )
RALPH GARCIA,                      )
                                   )
              Defendant.           )

                              VOLUME 2-B

              TRANSCRIPT OF PROCEEDINGS - BENCH TRIAL
              BEFORE THE HONORABLE ROBERT M. DOW, JR.


APPEARANCES:

For the Plaintiff:      HON. JOHN R. LAUSCH, JR.
                        UNITED STATES ATTORNEY
                        BY:  MR. TIMOTHY J. STORINO
                             MR. CORNELIUS A. VANDENBERG
                        ASSISTANT UNITED STATES ATTORNEYS
                        219 South Dearborn Street, Suite 500
                        Chicago, Illinois  60604
                        tim.storino@usdoj.gov
                        cornelius.vandenberg@usdoj.gov

For the Defendant:      LAW OFFICES OF JOHN LEGUTKI
                        BY:  MR. JOHN C. LEGUTKI
                        53 West Jackson Boulevard, Suite 920
                        Chicago, Illinois  60604
                        jclegutki@sbcglobal.net




Court Reporter:         KRISTIN M. ASHENHURST, CSR, RDR, CRR
                        Official Court Reporter
                        219 S. Dearborn Street, Room 2304-A
                        Chicago, IL 60604
                        (312) 818-6549
                        kristin_ashenhurst@ilnd.uscourts.gov
```

242

Muñoz - cross by Legutki

1      (The following proceedings were had in open court:)
2             THE COURT:  Please be seated, everybody.
3             Kris, are you good?
4             THE COURT REPORTER:  Yes.
5             THE COURT:  Okay, Mr. Legutki, whenever you're ready,
6   sir.
7             MR. LEGUTKI:  Thank you.
8         JOSE MUÑOZ, PLAINTIFF'S WITNESS, PREVIOUSLY SWORN
9                   CROSS-EXAMINATION (CONTINUED)
10  BY MR. LEGUTKI:
11  Q   Mr. Muñoz, I may have asked this already.  If I did, please
12  forgive me and allow me to reask.
13      You were in the Latin Kings until what year, sir?
14  A   2016.
15  Q   And what year did you join the Latin Kings?
16  A   Around '99.
17  Q   1999?
18  A   Yes.
19  Q   So in 2012, you were an active member of the Almighty Latin
20  Kings Nation, correct?
21  A   Yes.
22  Q   And my recollection of your testimony is that from 1999 to
23  2016, you did not hold any position of rank.
24  A   Yes.
25  Q   You were generally considered what -- the rank-and-file

1 members are soldiers, correct?

2 A   Yes.

3 Q   So you were a soldier within the Latin Kings.

4     Now, in 2012, Mr. Garcia got out of the Illinois State

5 Penitentiary, correct?

6 A   Yes.

7 Q   Approximately, correct?

8 A   Yes, sir.

9 Q   And he talked to you generally about his efforts to work

10 and come back to society?  Or to get a job, at least?

11 A   Yes.  Just to get a job, yes.

12 Q   And he talked to you about his -- he had some student loan

13 debt?  He went to driving school, correct?  To get his CDL?

14 A   Yeah.  I don't recall how he got his CDL.  I just know he

15 obtained it.

16 Q   He obtained it.  And in order to get a CDL, you have to go

17 through driving school --

18 A   Yes.

19 Q   -- and he incurred some debt, so he was really hurting for

20 money?

21 A   I'm not sure at that time.

22 Q   But when he came to you to talk about a job, he wasn't

23 talking to you about selling drugs or guns; he wanted a job,

24 correct?

25 A   Yes.

1 Q And you helped him to get a job with Adan Fiero, correct?
2 A Yes.
3 Q And you were working for Adan?
4 A Yes, I was.
5 Q At the time you worked for Adan, were you still running
6 drugs back and forth to Texas to Shorewood?
7 A No, I wasn't.
8 Q Okay. But you were able to -- with your influence with
9 Adan Fiero, you were able to get -- assist Ralph in getting a
10 job, correct?
11 A Yes.
12     MR. LEGUTKI: I have no further questions, sir.
13     THE COURT: Okay. Thank you, sir.
14     Redirect?
15     MR. VANDENBERG: No further questions, your Honor.
16     THE COURT: Okay. Very well.
17     Thank you, sir, for coming in. You can step down.
18   (Witness excused.)
19     MR. VANDENBERG: At this time, your Honor, the
20 government would like to enter the stipulations that the
21 parties have entered in this case.
22     THE COURT: Okay. Great. Thank you.
23     Will you be filing those on the docket, too?
24     MR. VANDENBERG: Yes, your Honor.
25     THE COURT: Okay.

1  MR. VANDENBERG: Right here?

2  THE COURT: Yes, sir.

3  MR. VANDENBERG: The stipulations read: "It is hereby
4  stipulated and agreed by and between the United States of
5  America, by and through its attorney John R. Lausch, Jr.,
6  United States Attorney for the Northern District of Illinois,
7  and the defendant, Ralph Garcia, by and through his attorney,
8  John Legutki, that the following facts are and should be
9  considered by the Judge to be true and accurate."

10  Stipulation 1 reads: "Prior to January 23, 2015, the
11  defendant, Ralph Garcia, had been convicted in a court of a
12  crime punishable by a term of imprisonment exceeding one year."

13  MR. LEGUTKI: So stipulated.

14  THE COURT: Okay. Thank you to counsel.

15  And if you file it on the docket, I'll never lose it.

16  MR. VANDENBERG: Stipulation 2 reads, your Honor:
17  "Prior to January 23, 2015, Government Exhibit 26, which is a
18  Taurus revolver, model 856, .38 caliber, bearing serial number
19  DW62612, had traveled in interstate commerce. Specifically,
20  Government Exhibit 26 is a firearm that was manufactured
21  outside the state of Illinois."

22  MR. LEGUTKI: So stipulated.

23  THE COURT: Okay. Thank you to counsel.

24  MR. VANDENBERG: And finally, your Honor, stipulation
25  3: "That Government Exhibit 26, the firearm, and Government

1  Exhibits 27" -- it should read, and we will modify it, but --
2  "Government Exhibits 27 were taken into custody by law
3  enforcement officers on or about January 23, 2015.  A proper
4  chain of custody has been maintained for Government Exhibits 26
5  and, again, Group Exhibit 27 at all times, and a proper
6  foundation exists for their admission into evidence."
7           MR. LEGUTKI:  No problem with the correction, Judge.
8  So stipulated.
9           THE COURT:  All right.  Fantastic.
10          So if you'll just file that as corrected and all three
11 go on the docket.  I don't care if you put them in as one entry
12 or three, but at least I'll never lose them that way.
13          MR. VANDENBERG:  Yes, your Honor.
14          THE COURT:  Okay.  And does that conclude the
15 government's case?
16          MR. VANDENBERG:  Yes, your Honor.  The government
17 would rest at this time.
18          THE COURT:  Okay.  Very well.
19          Mr. Legutki, have you discussed with your client
20 whether he wishes to testify?
21          MR. LEGUTKI:  Yes, sir.
22          Before I do that, even though it's a bench trial, I
23 think Rule 29 applies.
24          THE COURT:  Yes, sir.  Certainly.
25          MR. LEGUTKI:  I certainly make a motion for acquittal

1 under Rule 29. And the rules provide to hold that in abeyance.
2        THE COURT: Exactly. That's what I'll do, and I'll
3 let the government respond later when it's renewed, which I am
4 sure it will be.
5        MR. LEGUTKI: Certainly.
6        Yes, sir. I have talked to Mr. Garcia.
7        THE COURT: Do you want to come forward, Mr. Garcia?
8        MR. LEGUTKI: Your Honor, I spoke with Mr. Garcia
9 today, yesterday, previous times at the MCC, about his right to
10 testify. That's one of his decisions that are sacred and I
11 cannot make and it rests solely with the defendant.
12        Mr. Garcia has indicated to me he does not wish to
13 testify. Again, if that's changed in the last few minutes, I
14 certainly would invite Mr. Garcia to --
15        THE COURT: And I'll ask him all the questions.
16        Mr. Garcia, we have to do a little conversation here,
17 if you don't mind.
18        I just want to make sure that you understand that you
19 have an absolute right to testify if you wish to do so. Do you
20 understand that, sir?
21        THE DEFENDANT: Yes.
22        THE COURT: And you also have an absolute right not to
23 testify. And if you do not testify, I will not hold that
24 against you in any way. I won't make any inferences or draw
25 any conclusions from the fact that you decided not to testify.

1   It is your constitutional right.
2           And you also have a right to counsel and to advice
3   from Mr. Legutki on that decision, too.
4           Do you feel like you've adequately discussed that with
5   Mr. Legutki?
6           THE DEFENDANT:  Yes.
7           THE COURT:  Do you have any questions for either him
8   or me about your right not to testify?
9           THE DEFENDANT:  No, not at this time.
10          THE COURT:  Okay.  And you understand that if you
11  decide not to testify, I won't hold that against you in any way
12  as the trier of fact in this case?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  And so have you reached a decision on
15  whether you wish to testify, sir?
16          THE DEFENDANT:  I do not.
17          THE COURT:  You do not.  Very well.
18          Counsel, would you like me to inquire any further of
19  the defendant and to his rights?
20          MR. LEGUTKI:  I think that's acceptable, Judge.
21          THE COURT:  Okay.  Very good.  Thank you, Mr. Garcia.
22  I appreciate you stepping forward.  That's my responsibility to
23  make sure that you've been counseled on this and you've
24  knowingly and intelligently exercised your right one way or the
25  other, and I respect your decision.  Okay, sir?

1    THE DEFENDANT: Thank you.

2    THE COURT: Thank you.

3    So that's the --

4    Any other witnesses or testimony from the defense?

5    MR. LEGUTKI: No, sir. Defense rests.

6    THE COURT: Okay. Very well.

7    So I think what we ought to do -- let me give Kris a
8    couple days to take account of how long it's going to take to
9    produce this transcript. I think I'll ask her to send you all
10   an email with just a guesstimate as to when it will be
11   available. And then you guys can decide what you want to
12   order, you can order from her.

13   And then I will -- once we know when the transcript is
14   available, actually available, -- I'll have her give you guys
15   an estimate. You can sort of slot that into the rest of your
16   lives. Whether that estimate holds or not probably depends on
17   what else happens in this courtroom between now and then.

18   MR. LEGUTKI: You have nothing going on tomorrow, sir.

19   THE COURT: Well, I'm supposed to have a change of
20   plea tomorrow that will give two weeks back of my life and two
21   weeks of Kris's life, too, because she was going to spend those
22   two weeks with me here. So maybe we'll wait till Friday to
23   make sure that goes through, and if it does, it may affect the
24   timing of you guys getting the transcript.

25   Once you physically have it, I'll ask you all to talk

1  about an agreed briefing schedule on post-trial briefs. I
2  think all I would need is an opening and a response from each
3  side. I don't need six briefs; just four will do.
4  You guys can do simultaneous openings or you can do a
5  staggered thing where you wouldn't even necessarily have to
6  have four briefs if you stagger it.
7  MR. VANDENBERG: I think given the fact, your Honor,
8  that the defendant is raising an affirmative defense, we would
9  like to have the opportunity to reply to that once we know the
10 exact contours of it.
11 THE COURT: And the other way to do it is you're
12 basically -- it's the defense of entrapment that's the triable
13 issue here.
14 MR. LEGUTKI: My understanding from your order or your
15 opinion is once the defense crosses that threshold, it's up to
16 the government to disprove that beyond a reasonable doubt.
17 THE COURT: Well, I'm going to have to go back and
18 look at this, because I don't recall ever having a bench trial
19 on this issue before. So I'll have to go back and look at it.
20 But here's what I'll do: When this transcript is
21 ready, I'll set you guys for a status the next day or week, or
22 soon thereafter. And by then, let's all figure out what the
23 Seventh Circuit is expecting from me.
24 MR. VANDENBERG: We talked about two alternatives.
25 The Court raised another alternative by simultaneous brief and

1    reply.  So we'll figure it out, Judge.
2              THE COURT:  We'll figure it out.  But it's kind of a
3    moot point until the transcript is ready, because we won't have
4    the raw materials to work with.  But as soon as it's ready,
5    I'll set you guys for status.
6              If, in the meantime, you guys have discussions about
7    it and you work out something that's agreeable to everybody, so
8    be it.  If not, I'll figure out what the Seventh Circuit is
9    expecting from us, and we'll work it accordingly.  Okay?
10             MR. LEGUTKI:  Thank you, sir.
11             THE COURT:  How about if I set you a status that will
12   be a movable feast, so to speak?
13             And without objection for excluding time, Mr. Legutki?
14             MR. LEGUTKI:  Without objection, sir.
15             THE COURT:  Okay.  So why don't I put you guys in for
16   maybe the first week of May right now.  If we don't have a
17   trial in April, I bet Kris will be able to get it to you sooner
18   than that, but I want to be conservative here.
19             So are you guys good for, let's say, the 1st of May?
20   It's a Wednesday.
21             MR. LEGUTKI:  Can we do it the next week by any
22   chance?
23             THE COURT:  Oh, the next week, I'm only going to be
24   here I think on the 8th of the next week.  Is that okay for you
25   guys?

1     MR. LEGUTKI: Judge, I might be out of town. It's up
2  to my boss.
3     THE COURT: I understand. I have a boss like that,
4  too. May 8th, okay?
5     MR. STURINO: Anything works for the government, your
6  Honor. Thank you.
7     THE COURT: Okay. We'll put you guys in for May 8th,
8  and if it turns out you're able to negotiate a briefing
9  schedule without the need for an appearance, we'll just do
10 that. But we'll exclude time through May 8th in the interest
11 of justice and to -- I guess we've had a trial, so I'm not sure
12 we even need to exclude time anymore.
13    MR. LEGUTKI: I was just thinking that, your Honor.
14 But I think to be safe, we appreciate the exclusion.
15    THE COURT: There's no harm in doing it.
16    MR. STURINO: There's been no finding yet.
17    THE COURT: Yes. Okay. So we'll exclude time in the
18 interests of justice without objection to allow for preparation
19 of the trial transcript, and we'll set a briefing schedule by
20 then, if not sooner.
21    MR. LEGUTKI: Any time?
22    THE COURT: Yeah. Why don't we do 9 o'clock on the
23 8th. Is that okay? I think there's a 50-50 chance I won't
24 need you guys that day because we'll figure it out in the
25 meantime.

1          Beautiful.  Thank you, everybody.
2          Mr. Garcia, take care.  Nice to see you all.
3          And do you want to bring me the exhibits back later?
4  If I have to hold them for two months -- when you file the
5  briefs, maybe I'll collect all the exhibits, too.
6          MR. VANDENBERG:  We can do that.
7          MR. STORINO:  And we'll, of course, coordinate with
8  defense counsel when we bring up the exhibits.
9          THE COURT:  Yes, exactly.  And you guys make sure you
10 have what you need for your briefs, because I won't need them,
11 actually, until I get all the briefs.  So if you guys need them
12 to work with or you need them to work with --
13         MR. LEGUTKI:  I think they did a great job.  I have my
14 own binder.  I have everything but the gun.
15         THE COURT:  Well, I don't think I need that, either.
16         MR. VANDENBERG:  I was just about to ask.  Do you want
17 any physical evidence in chambers?
18         THE COURT:  No.  In fact, I might not need anything,
19 because you guys have already given me a binder with every
20 single one of the disks, too.  So why don't we just have you
21 hold on to the evidence for now, just because you guys have
22 more storage space than I do, and I will ask you for anything
23 that I might need.  But I believe I already may have everything
24 I might need.  When I have the transcript plus the physical
25 recordings and the transcripts, I think that's probably all I'm

1  going to need.

2　　　　　All right.  Thank you guys for being very smooth and
3  efficient.  I appreciate it.

4　　　　　MR. VANDENBERG:  Thank you.

5　　　　　THE COURT:  What may happen after the briefing is I
6  may have you guys come in for a little hearing, and if I do,
7  I'll ask -- I'll give you the questions in advance of what I'm
8  more interested in hearing more about.

9　　　　　MR. VANDENBERG:  Excellent.

10　　　　　MR. LEGUTKI:  Thank you, Judge.  Thank you for your
11  patience.

12　　　　　THE COURT:  All right.  Thank you.

13　　　　　(Proceedings concluded at 1:47 p.m.)

14　　　　　　　　　* * * * * * * * * *

15　　　　　　　　　　C E R T I F I C A T E

16　　I certify that the foregoing is a correct transcript from
17  the record of proceedings in the above-entitled matter.

18

19

20  /s/Kristin M. Ashenhurst, CSR, RDR, CRR   September 14, 2019
　　 Kristin M. Ashenhurst, CSR, RDR, CRR     Date
　　 Federal Official Court Reporter

21

22

23

24

25