IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16 CR 109 |
| v., | Judge Robert M. Dow |
| RALPH GARCIA. | |

**DEFENDANT RALPH GARCIA'S RESPONSE TO THE PSR,
GUIDELINE CALCULATIONS AND SENTENCING RECOMMENDATIONS**

Ralph Garcia, the defendant, respectfully asks this Court to consider and impose an aggregate sentence no greater than the fifteen-year mandatory minimum contemplated in Count 4 of the superseding indictment - felon in possession of a firearm.

Mr. Garcia has been in federal custody since February 2016. At the conclusion of the 15-year term, it will be the year 2031 and Mr. Garcia, if he survives prison, will be seventy-one years old. Mr. Garcia respectfully submits that such sentence more than adequately fashions a sentence that is "…sufficient but not greater than necessary…" to achieve the statutory purposes of punishment under 18 USC §3553(a) and *U.S. v., Booker*, 125 S.Ct. 738 (2005).

Mr. Garcia, through his attorney John C. Legutki, respectfully submits his Response to the December 27, 2018 Presentence Report (PSR), Guidelines Calculations and Sentencing Recommendations.

BACKGROUND

Following the February 23, 2016 initial criminal complaint, a March 24, 2016 indictment charged Mr. Garcia with distribution of 50 grams or more of methamphetamine (Count One); distribution of 50 grams or more of methamphetamine (Count Two); possession of a firearm by a

1

convicted felon (Count Three); and distribution of 50 grams or more of methamphetamine (Count Four). A superseding indictment was returned on November 30, 2017; charges in the original indictment were re-alleged and two additional charges were added. Specifically, distribution of 5 grams or more of methamphetamine on November 17, 2014 and March 4, 2015, (Counts One and Six).

In early March 2019, this case proceeded to a bench trial on the legal issue of entrapment. On April 3, 2020, the Court issued a Memorandum Opinion and Order, finding the defendant guilty of all counts alleged in the superseding indictment.

### USSG CALCULATION

The PSR calculated the advisory USSG parameters as a level 35 (PSR at 13, ¶65) with a criminal history score of five and a criminal history category of III (PSR at 16, ¶83). As an armed career criminal, the criminal history category is VI (PSR at 16, ¶84). As such, the calculated advisory guideline is 292 – 365 months (PSR at 22 ¶125).

### OBJECTIONS TO THE PSR

The PSR fails to apply USSG §3E1.1(a), recognition and affirmative acceptance of personal responsibility (less two advisory guideline points) and USSG §3E1.1(b), timely notification (less one advisory guideline point). As explained below, Mr. Garcia objects to their exclusion and respectfully submits that these provisions should be applied for an offense level of 32 with an advisory guideline of 210 - 262 months.

Mr. Garcia fully conceded his participation in the instant offenses. That early acceptance was expressly recognized by this Court in its April 3, 2020 Memorandum Opinion and Order, specifically: "Defendant essentially concedes that he committed the offenses but interposes an

entrapment defense." Memorandum Opinion and Order at p. 1, Docket #121.

Mr. Garcia's situation is similar to that of a defendant who files a suppression motion. Upon filing of a such motion, a defendant, before a plea is even contemplated, asks the Court to decide on the validity of a seizure. Within that context, supporting briefs are filed and an evidentiary suppression hearing is conducted in support of the suppression motion. Assuming the suppression motion is denied, only then would a defendant plead guilty and concede to the offense. In the plea agreement and follow-up PSR, USSG §§3E1.1(a) and (b) would certainly apply for an aggregate three-point departure.

Mr. Garcia's concession that he committed the offenses was expressly recognized by this Court. Mr. Garcia made timely notification of his concession early on in this case and did so *before* briefs were filed, *before* he waived his right to a jury trial, and *before* a bench trial was conducted on the limited issue of entrapment. The two-point reduction under USSG §§3E1.1(a) should apply because Mr. Garcia conceded that he committed the offenses; his early notification satisfies USSG §§3E1.1(b) for an additional point off. It is unfair that Mr. Garcia be denied the benefit of the aggregate USSG three-point departure when other defendants, who unsuccessfully challenge the validity of a seizure, are nonetheless awarded the three-point reduction.

<u>18 USC §3553(a) SENTENCING CONSIDERATIONS</u>[1]

In directing the parties to address a sentence for Mr. Garcia, this Court recognizes that "… the Supreme Court has consistently reaffirmed that all of the sentencing guidelines are

---

[1] 18 USC § 3553(a), in pertinent part reads:—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection … shall consider— (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner …

3

advisory…" *U.S. v., Liddell*, No. 07-3373 (7th Cir., 9/10/2008, at page 14). The sentencing factors under §3553(a), unlike the sentencing guidelines themselves, are mandatory. *United States v., Wachowiak*, citing *United States v, Dean*, *supra* at 729. "This Honorable Court has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with 3553(a)." *United States v., Wachowiak*, citing *Rita v., United States*, 127 S. Ct 2456, 2463 (2007).

Accordingly, a sentence is reasonable if the sentencing judge has given meaningful consideration to the sentencing factors enumerated in 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *United States v., Wachowiak*, citing *United States v., Cunningham*, 429 F.3d 673, 670 (7th Cir. 2005) and *United States v., Dean*, supra at 729.

### *18 USC §3553(a)(1) - Nature and circumstances of the offense and the history and characteristics of the defendant.*

- Life Expectancy

Mr. Garcia is 60 years old. He was arrested in connection with this case on February 24, 2016 and has been in federal custody for over four years. Applying only the 15-year mandatory minimum associated with count four, with credit for time served, Mr. Garcia will be 71 years old upon his release. Applying the low-end of the 292-month (24.3 years) PSR calculation, Mr. Garcia will be over 80 years old.

Life expectancy for incarcerated individuals lag behind the general population. It is generally accepted that life in prison, with its stressors, violence, and disease in and of itself significantly shortens one's life expectancy. See, *United States v., Taveras*, 436 F. Supp. 2d 493, 500 (E.D.N.Y. 2006) (Life expectancy within federal prison is considerably shortened) II EOR

4

72, Feld, *Symposium on Youth and the Law*, 22 ND J L Ethic Pub Pol 9, 63, fn. 231 (2008). See also, Elizabeth Arias, Ctr. for Disease Control, U.S. Life Tables, 2003, Nat'l Vital Statistics Rep., April 19, 2006, at 3, available at: http://www.cdc.gov/nchs/data/nvsr/nvsr54/nvsr54_14.pdf.

Further, as recently as October 7, 2020, the CDC recommended heightened procedures and systems in correctional facilities to guard against COVID-19 outbreak. See, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. As pointed out by the American Civil Liberties Union: "As a result of the constant movement between jails and the broader community, our jails will act as vectors for the COVID-19 pandemic in our communities. They will become veritable volcanoes for the spread of the virus." https://www.aclu.org/report/flattening-curve-why-reducing-jail-populations-key-beating-covid-19?redirect=covidinjails.

- Implications of COVID-19 on Hispanic Populations

The CDC has identified Hispanic or Latino background as a risk marker for other underlying conditions that impact health. See, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html.

| Rate ratios compared to White, Non-Hispanic Persons | American Indian or Alaska Native, Non-Hispanic persons | Asian, Non-Hispanic persons | Black or African American, Non-Hispanic persons | Hispanic or Latino persons |
|---|---|---|---|---|
| Cases[1] | 2.8x higher | 1.1x higher | 2.6x higher | 2.8x higher |
| Hospitalization[2] | 5.3x higher | 1.3x higher | 4.7x higher | 4.6x higher |
| Death[3] | 1.4x higher | No Increase | 2.1x higher | 1.1x higher |

*Id*. Mr. Garcia is at a greater risk to contract and die from COVID-19 as compared to other populations. Mr. Garcia maintains that his heightened risk factor from COVID-19 should be considered by this Court.

- Positive Developments Made by Ralph Garcia While at the MCC

Mr. Garcia made positive use of his time at the MCC. He was recognized as the MCC's June 2020 "Outstanding Worker. At the start of the March 2020 pandemic, Mr. Garcia was put in charge as the "Head Orderly" at the MCC. Copies of MCC certification and work log are attached.

- Family Support

Mr. Garcia enjoys the support of his immediate and extended family - and they from him. Attached are numerous letters from Mr. Garcia's family evidencing the assistance and family dedication Mr. Garcia has provided to others. Despite his personal failings, Mr. Garcia is part of a close-knit family that will assist him in life at the conclusion of his prison term.

### 18 USC § 3553(a)(2) - The Need for Sentence Imposed

*(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

The 15-year minimum sentence may well be a death sentence for the now 60-year-old Ralph Garcia. If he survives prison defendant will be over 70 years old at his release. That, in and of itself, is certainly sufficient and indeed greater than necessary to achieve the statutory purposes of punishment under 18 USC §3553(a)

*(B) To afford adequate deterrence.*

A 15-year sentence is a long time. This may well be a life sentence for Mr. Garcia – the ultimate in deterrence.

*(C) Protect the public from further crimes of the defendant.*

Mr. Garcia will be 71 years old and at that age unlikely to be a recidivist. Studies have shown that "[a]s age increases, recidivism rates decrease, which means that older prisoners are most likely to desist from criminal activity and benefit from rehabilitation services as evidenced by their low rates of recidivism." See, *A Commentary on Age Segregation for Older Prisoners Philosophical and Pragmatic Considerations for Correctional Systems*, Crim Justice Rev. 2009 Mar; 34(1): 119–139, John J. Krebs, author, published online at

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5354172/

*(D) To provide needed educational or vocational training.*

Prior to incarceration, Mr. Garcia was gainfully employed as a semi-truck driver. PSR at p. 20, ¶¶115 116. At the time of his release, Mr. Garcia will be long past his viable employment years and vocational training will not be a significant factor.

OBJECTIONS TO SUPERVISED RELEASE CONDITIONS

- *§18 USC §§3563(b) and 3583(d) Discretionary Conditions.*

<u>Objection to #6</u> "… refrain from knowingly meeting or communicating with any person whom you know to be engaged, or planning to be engaged, in criminal activity." Mr. Garcia is no longer associated with any such persons and asks that this prohibition not be applied.

<u>Objection to #7</u>, "<u>any</u> use of alcohol" and any use of narcotic. Mr. Garcia asks that the alcohol use be modified from an absolute prohibition to no excessive use.

- *§18 USC §§3563(b)(22) and 3583(d) Special Conditions.*

<u>Objection to #3</u>, if not employed after 60 days of supervision, defendant to perform at least 20 hours of community service per week. If he survives, Mr. Garcia will be elderly, too old to be considered employable and far past any reasonable retirement age. Mr. Garcia askes to waive this recommendation.

<u>Objection to #5</u>, "not incur credit charges or open new additional lines of credit without the approval of a probation officer or unless you are in compliance with the financial obligations imposed by this judgment". This proposed condition ignores reality. Modern living conditions require credit usage. Cell phones require an independent credit source. On-line purchases for everyday essentials like groceries, legitimate pharmaceuticals, clothing, and retailers are all conducted on-line and require credit. Indeed, even having an on-line account requires a credit source. Upon his release, Mr. Garcia should be given a fair opportunity to live in the modern world without unrealistic, anachronistic restraints.

DEFENDANT'S SENTENCING RECOMMENDATION AND CONCLUSION

To fashion a "sufficient sentence, not greater than necessary," Mr. Garcia respectfully suggests that this Court impose a below USSG sentence to no more than the minimum term of imprisonment of 180 months (15 years), with credit for time served, and a term of supervised release of not more than two years[2] as with respect to Count Four and sentences associated with all other counts to run concurrent.

Respectfully submitted,

s/John C. Legutki
Attorney for Ralph Garcia

November 2, 2020

John C. Legutki
53 W. Jackson Boulevard
Suite 920
Chicago, Illinois  60604

Phone:     (312) 939-8747
Fax:       (312) 939-0054

jlegutki@outlook.com

---

[2] Count 4 is a Class A Felony, the guideline range for a term of supervised release is at least 2 years to 5 years. USSG §5D1.2(a)(1).